UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| AZAR SADEGHI, | ) | |
|              Plaintiff, | ) | |
| | ) | No. 1:19-cv-1029 |
| -v- | ) | |
| | ) | Honorable Paul L. Maloney |
| ROSEMARIE AQUILINA, | ) | |
|              Defendant. | ) | |
| | ) | |

## ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

Plaintiff Azar Sadeghi, proceeding without the benefit of counsel, requests the Court issue an emergency injunctive order. (ECF No. 4.) The Court will deny the motion.

According to her federal civil complaint, the State of Michigan charged Azar Sadeghi (Plaintiff) with more than twenty criminal violations. She filed this emergency motion with the Clerk's office in Lansing, Michigan at approximately 8:45 a.m., today, December 9, 2019. Her criminal trial was scheduled to begin at 9:00 a.m., approximately 15 minutes later in the Ingham County Circuit Court in Lansing. At 10:27 a.m., the Clerk of Court opened this civil action. The emergency motion was entered at approximately 10:47.

Plaintiff sues state circuit judge Rosemarie Aquilina in her official and in her personal capacities. Generally, Plaintiff complains about Judge Aquilina's demeanor, fairness and several of her pretrial rulings. Plaintiff contends Judge Aquilina violated her constitutional rights. Plaintiff alleges she has filed an interlocutory appeal, which has not yet been acted upon. Plaintiff requests this Court issue an injunction to stop the trial. Plaintiff also requests damages.

The Court interprets the emergency motion as a request for a temporary restraining order brought under Rule 65(b) of the Federal Rules of Civil Procedure. Decisions regarding a temporary restraining order fall within the discretion of a district court. *See Ohio Republican Party v. Brunner*, 543 F.3d 357, 361 (6th Cir. 2008). Under Rule 65, a court may issue a temporary restraining order, without notice to the adverse party, only if two conditions are met. Fed. R. Civ. P. 65(b)(1). First, the moving party must establish specific facts through an affidavit or a verified complaint or affidavit showing that an immediate and irreparable injury will result to the moving party before the adverse party can be heard in opposition to the motion. Fed. R. Civ. P. 65(b)(1)(A). Second, counsel for the moving party must certify in writing any efforts made to give notice and the reasons why notice should not be required. Fed. R. Civ. P. 65(b)(1)(B). In addition, the court must consider each of four factors: (1) whether the moving party demonstrates a strong likelihood of success on the merits; (2) whether the moving party would suffer irreparable injury without the order; (3) whether the order would cause substantial harm to others; and (4) whether the public interest would be served by the order. *Ohio Republican Party*, 543 F.3d at 361 (quoting *Northeast Ohio Coalition*). The four factors are not prerequisites that must be met but are interrelated concerns that must be balanced together. *See Northeast Ohio Coalition*, 467 F.3d at 1009.

Plaintiff's motion must be denied for procedural reasons. Plaintiff did not file an affidavit or a verified complaint in which she alleges facts to show an immediate or irreparable injury. *See* Fed. R. Civ. P. 65(b)(1). Both the complaint and the motion are signed, but the documents are not signed under penalty of perjury. Neither document, therefore, can be considered an affidavit based on personal knowledge.

Plaintiff's motion must also be denied for substantive reasons. Plaintiff's request for declaratory and injunctive relief is barred by the abstention doctrine developed in *Younger v. Harris*, 401 U.S. 37 (1971). Under *Younger*, absent "extraordinary circumstances," federal district courts refrain from interfering with on-going criminal proceedings in state court. *Foster v. Kassulke*, 898 F.2d 1144, 1146 (6th Cir. 1990); *Zalman v. Armstrong*, 802 F.2d 199, 201 (6th Cir. 1986). So long as the defendant in the state court proceedings has an opportunity to raise the constitutional concerns in the state court, the federal court should abstain. *Zalman*, 802 F.2d at 205. Plaintiff has not alleged the sort of extraordinary circumstances that would justify interference. *See id.* Plaintiff can, of course, eventually request federal review of the criminal proceedings, but only after exhausting her state remedies. *Foster*, 898 F.2d at 1146-47. Plaintiff's request for monetary relief fails for other reasons. Judge Aquilina is entitled to judicial immunity. Judges cannot be held liable for money damages for performing judicial functions, *i.e.,* actions taken and decisions made while resolving disputes between the parties before them. *See Mireles v. Waco*, 502 U.S. 9, 9-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 359 (1978); *Johnson v. Turner*, 125 F.3d 324, 333 (6th Cir. 1997).

Plaintiff has not met the procedural requirements for a temporary restraining order. Plaintiff has also not demonstrated a likelihood of success on the merits. For these reasons, her request for a temporary restraining order (ECF No. 4) is **DENIED.** **IT IS SO ORDERED.**

Date:  December 9, 2019                                      /s/ Paul L. Maloney  
                                                             Paul L. Maloney  
                                                             United States District Judge