UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| AZAR SADEGHI, | ) | |
|          Plaintiff, | ) | |
| | ) | No. 1:19-cv-1029 |
| -v- | ) | |
| | ) | Honorable Paul L. Maloney |
| ROSEMARIE AQUILINA, | ) | |
|          Defendant. | ) | |
| | ) | |

## ORDER DENYING SECOND MOTION FOR TEMPORARY RESTRAINING ORDER

Plaintiff Azar Sadeghi, proceeding without the benefit of counsel, filed a second request for an emergency injunctive order. (ECF No. 7.) The Court will deny the motion.

Plaintiff is on trial (or was on trial—the proceeding may be over) in the Ingham County Circuit Court. Plaintiff insists that the presiding judge, the named defendant in this lawsuit, violated Plaintiff's constitutional rights. Plaintiff's succinctly summarized her claims in the second paragraph of the pending motion: "Plaintiff's claims arise out of the Defendant's conduct in depriving Plaintiff of due process of law and discriminating against her from the bench in open court[.]" (PageID.32.) From what the Court can discern, the only difference between this motion and Plaintiff's earlier motion is that the trial has progressed and the presiding judge has issued more unfavorable rulings.

The Court again denies Plaintiff's request for a temporary restraining order. Plaintiff's second motion does not address any of the concerns the Court identified in the order denying the first motion. First, Rule 65(b)(1)(A) of the Federal Rules of Civil Procedure requires the party asking for a temporary restraining order to establish an immediate and

irreparable injury by alleging specific facts "in an affidavit or a verified complaint." Plaintiff has not filed any affidavit and her complaint is not verified under penalty of perjury. Second, absent extraordinary circumstances, federal courts do not issue orders stopping on-going state criminal prosecutions. *See Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982); The defendants in state criminal proceedings have remedies in the state courts for alleged violations of their rights under the United States Constitution, which is all that is required for the federal court to decline to intervene. *See Juidice v. Vail*, 430 U.S. 327, 337 (1977). Federal court may review state criminal actions through habeas proceedings, but only after the defendant exhausts his or her state remedies. "Under *Younger* [*v. Harris*], absent unusual circumstances not asserted here, a federal court must decline to interfere with pending state civil or criminal proceedings when important state interests are involved." *O'Neill v. Coughlan*, 511 F.3d 638, 641 (6th Cir. 2008).

For these reasons, her request for a temporary restraining order (ECF No. 7) is **DENIED.   IT IS SO ORDERED.**

Date:  December 16, 2019                                        /s/ Paul L. Maloney
                                                               Paul L. Maloney
                                                               United States District Judge